*430 The opinion of the court was delivered by
Fenner, J.
Act No. 76 of 1886 is entitled “An Act in relation to insurance companies, corporations, associations, partnerships and individuals of foreign governments doing fire, river, inland navigation or marine insurance business in this State, limiting publication or rendering of statements, determining capital subject to taxation, collection of same, penalties and requirements.”
Various sections of the act deal with the terms and conditions on which foreign insurance companies are permitted to conduct business in this State, with various duties required of them in the conduct of such business, and with the estimation and fixing of the capital stock of such company as the standard in proportion to which the size of its risks is to be regulated in accordance with the general insurance laws of the State.
Section 10 of the act then provides:
“ The capital, etc., so determined and certified, shall be subject to taxation, the same as the capital of fire insurance companies organized under the laws of this State, to be levied, assessed and collected as prescribed by the laws of this State, at such place in this State as such foreign insurance company shall have its principal office; provided, however, that said capital has not been taxed and paid by the main agency or company in any other State, then taxation shall be levied upon the gross receipts, less deductions governing companies organized under the laws of this State.”
Under this section, the defendant company was assessed for the years 1887, 1888 and 1889 on the gross amount of premiums received in this State.
Having failed to pay the tax the tax, collector takes this proceeding under Sec. 54 of Act 85 of 1888, to compel the company (through its agent) to deliver up the property assessed, or so much thereof as may be necessary to satisfy the tax.
The defendant denies its liability for the tax on various grounds, of which we only find it necessary to consider one, viz: that there is no valid warrant of law for the assessment and collection of the tax.
The State, in this matter, is undoubtedly exercising the power of taxation. This power is derived from, and regulated by, the Constitution of the State. No matter who may be the subject, or what may be the object of the tax, the State, in exercising this power, is bound to conform to the requirements of the Constitution.
*431 That instrument makes no distinction of persons, and a tax which would be unconstitutional, if levied on property belonging to citizens of the State, is equally unconstitutional as against foreigners, whether individuals or corporations.
The decisions of the Supreme Court of the United States, holding that "the States may impose such terms as they see fit, as the conditions of their consent to permit foreign corporations or corporations organized in other States to enter and do business in a different State, without thereby violating the Constitution of the United States, have no application to this question. Paul vs. Virginia, 8 Wall. 168; Ducat vs. Chicago, 10 Id. 410; Doyle vs. Ins. Co., 94 U. S. 535.
These decisions only held that State laws of this character, though making discriminations against foreign corporations, did not conflict with those provisions of the Federal Constitution with reference to the privileges and immunities of citizens of different States and the regulations of commerce.
No protection of the Federal Constitution is invoked here.
The tax is resisted on the ground that it is without warrant under the Constitution and laws of the State.. The Constitution contemplates only two kinds of taxes, viz: property taxes and license taxes.
We are not prepared or required to say whether such a tax, if imposed in proper terms as a license tax, would be valid.
It is not, and does not purport to be, a license tax. A license tax is not covered or contemplated by either the title or body of the act.
The very proceeding taken by the State is one provided exclusively for the collection of property taxes, and under the terms of the pleadings, as well as under the assessment itself, it is claimed and denominated as a tax on property.
Then the question simply stated is, whether a property tax levied on the “ gross receipts” of a limited and particular class of persons, and not levied upon the “ gross receipts” of any other class, is valid.
The plain constitutional mandate that “ all property shall be taxed in proportion to its value,” would seem peremptorily to settle this ■question. If “ gross receipts” be properly subject to taxation, the “ gross receipts” of all, or of none, must be taxed.
It is vain to call “ gross receipts” “capital;” they are not “ capital” or “capital stock,” and no legislative declaration can make them so.
*432 The only class of taxes under which this can possibly fall is that of an “ income tax.”
It is not necessary for us to decide whether or not, under the Constitution, the Legislature has power to levy an income tax. It suffices to say that, if the Legislature had such power, it would be an indispensable condition of its exercise that the tax should embrace the-incomes of all persons not exempted; and whatever power of classification the Legislature might possess as to the subject matter of taxation, that power could, under no pretext, be stretched so as to embrace the right to single out a particular class of tax payers and to require them to pay such a tax while exempting all others.
This is what the Legislature has attempted to do in this instance, and we are bound to hold that it can not be constitutionally done.
As we have heretofore intimated, if this act merely imposed on-the foreign insurance company the duty of paying to the State a-certain percentage of its premiums received, as the condition of a permissive license to transact business in this State, different questions would be presented. That would not be a tax, and would not involve the exercise of the taxing power.
But the imposition here is levied as a tax, assessed as a tax, claimed as a tax by the tax collector, under proceedings provided exclusively for the collection of taxes. It is a distinct exercise' of the taxing power, and must be governed by all constitutional requirements and limitations applicable thereto.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there be now judgment in favor of defendant, rejecting plaintiff’s demand at his cost in both courts.